UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRESSA RUDIK,<br><br>    Plaintiff,<br><br>  v.<br><br>MOMENTA PHARMACEUTICALS, INC., JANE F. BARLOW, BRUCE DOWNEY, GEORGES GEMAYEL, STEVEN C. GILMAN, DONNA ROY GROGAN, JOSE-CARLOS GUTIERREZ-RAMOS, ELIZABETH STONER, and CRAIG A. WHEELER,<br><br>    Defendants. | Civil Action No.<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Tressa Rudik ("Plaintiff") by and through her undersigned attorneys, brings this action on behalf of herself and all others similarly situated, and alleges the following based upon personal knowledge as to those allegations concerning Plaintiff and, as to all other matters, upon the investigation of counsel, which includes, without limitation: (a) review and analysis of public filings made by Momenta Pharmaceuticals, Inc., ("Momenta" or the "Company") and other related parties and non-parties with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and other publications disseminated by certain of the Defendants (defined below) and other related non-parties; (c) review of news articles, shareholder communications, and postings on Momenta website concerning the Company's public statements; and (d) review of other publicly available information concerning Momenta and the Defendants.

**NATURE OF THE ACTION**

1. Plaintiff brings this action on behalf of the public shareholders of Momenta against the Company and members of the Company's Board of Directors (the "Board" or the "Individual Defendants") for violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by affiliates of Johnson & Johnson ("J&J") (the "Proposed Transaction").

2. On August 19, 2020, the Company announced that it had entered into an Agreement and Plan of Merger (the "Merger Agreement") with J&J.  Pursuant to the terms of the Merger Agreement, Vigor Sub, Inc. ("Merger Sub"), a wholly-owned subsidiary of J&J, will merge with Momenta, with Momenta continuing as the surviving corporation and a wholly-owned subsidiary of J&J (the "Proposed Transaction").

3. To that end, Merger Sub commenced a tender offer (the "Tender Offer") to acquire all of Momenta's outstanding common stock. Each share of Momenta common share will be converted into the right to receive $52.50 (the "Merger Consideration"). The Tender Offer is set to expire on September 30, 2020.

4. On September 2, 2020, the Company filed an incomplete and materially misleading Recommendation Statement with the SEC (the "Recommendation Statement") in connection with the Proposed Transaction.  The Recommendation Statement omits material information concerning the Proposed Transaction.

5. Accordingly, the failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as Momenta

stockholders need such information in order to make a fully informed decision whether to tender their shares in support of the Proposed Transaction or seek appraisal.

6. As set forth more fully herein, Plaintiff seeks to enjoin Defendants from proceeding with the Proposed Transaction.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 as Plaintiff alleges violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act

8. This Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business in, solicits shareholders in, and/or maintains operations within, this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

9. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

10. Plaintiff has been the owner of the common stock of Momenta since prior to the transaction herein complained of and continuously to date.

11. Defendant Momenta is a Delaware corporation with its principal executive offices located at 301 Binney Street, Cambridge, Massachusetts 02142. The Company's stock trades on the NASDAQ under the ticker "MNTA."

12. Defendant Jane F. Barlow ("Barlow") is and has been a director of the Company at all times during the relevant time period.

13. Defendant Bruce Downey ("Downey") is and has been a director of the Company at all times during the relevant time period.

14. Defendant Georges Gemayel ("Gemayel") is and has been a director of the Company at all times during the relevant time period.

15. Defendant Steven C. Gilman ("Gilman") is and has been a director of the Company at all times during the relevant time period.

16. Defendant Donna Roy Grogan ("Grogan") is and has been a director of the Company at all times during the relevant time period.

17. Defendant Jose-Carlos Gutierrez-Ramos ("Gutierrez-Ramos") is and has been a director of the Company at all times during the relevant time period.

18. Defendant Elizabeth Stoner ("Stoner") is and has been a director of the Company at all times during the relevant time period.

19. Defendant Craig A. Wheeler ("Wheeler") is and has been a director of the Company at all times during the relevant time period.

20. Defendants Barlow, Downey, Gemayel, Gilman, Grogan, Gutierrez-Ramos, Stoner, and Wheeler are collectively referred to herein as the "Individual Defendants."

21. Defendant Momenta, along with the Individual Defendants, are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

22.     Momenta is a biotechnology company with a validated innovative scientific platform focused on discovering and developing novel therapeutics to treat rare, immune-mediated diseases. The Company's scientific foundation is based on a deep understanding of immune biology and disease analytics. This work, together with its protein engineering and antibody design expertise has led to the development of a number of novel therapeutics for immune-mediated diseases with high unmet need.

### The Company Announces the Proposed Transaction

23.     On August 19, 2020, Momenta issued a press release announcing that the Company had entered an agreement in connection with the Proposed Transaction. The press release stated, in pertinent part:

> CAMBRIDGE, Mass., Aug. 19, 2020 (GLOBE NEWSWIRE) -- Momenta Pharmaceuticals, Inc. (Nasdaq: MNTA, "Momenta" or the "Company"), a biotechnology company focused on discovering and developing novel biologic therapeutics to treat rare immune-mediated diseases announced today that it has entered into a definitive agreement for Johnson & Johnson ("Johnson & Johnson" or "J&J") to acquire Momenta for $52.50 per share in an all-cash transaction, implying a fully-diluted equity value of $6.5 billion. The agreement was unanimously approved by the Boards of Directors of both Momenta and Johnson & Johnson.
>
> "The agreement with J&J recognizes the value created by years of commitment and dedication to our mission by the many current and past Momenta employees. Programs such as nipocalimab have the potential to improve the lives of countless patients suffering from autoimmune and fetal maternal diseases," said Craig Wheeler, President and Chief Executive Officer of Momenta. "This acquisition provides strong value for our shareholders and ensures a level of investment in our exciting portfolio that will further enhance its potential for patients. I believe J&J is the right company to advance our portfolio of novel drug candidates for autoimmune and rare diseases. J&J's leadership in immunology, extensive capabilities, and global reach, as well as its alignment with our vision of

pioneering therapies for complex diseases is a strong fit for our company and our portfolio."

The transaction is expected to close in the second half of 2020, pending the satisfaction of all conditions to the completion of the tender offer and merger. Until that time, Momenta will continue to operate as a separate and independent company.

Momenta's financial advisors are Goldman Sachs & Co. LLC and Centerview Partners LLC, Latham & Watkins LLP is acting as legal counsel for Momenta and Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal counsel for Goldman Sachs & Co. LLC and Centerview Partners LLC.

**Transaction Details**

Under and subject to the terms of the agreement, Vigor Sub, Inc. ("Merger Sub"), a newly formed wholly owned subsidiary of Johnson & Johnson, agreed to commence a tender offer to acquire all outstanding shares of Momenta common stock for $52.50 per share in cash and Momenta agreed to file a recommendation statement containing the unanimous recommendation of the Momenta board that Momenta stockholders tender their shares to Merger Sub. Following the completion of the tender offer, Johnson & Johnson expects to promptly consummate a merger of Momenta with Merger Sub, in which shares of Momenta that have not been tendered in the tender offer will be acquired by Johnson & Johnson and converted into the right to receive the same cash price per share as paid in the tender offer.

The closing of the tender offer is subject to customary closing conditions, including the tender of a majority of outstanding Momenta shares on a fully diluted basis and the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act. The merger agreement includes customary termination provisions for both Momenta and Johnson & Johnson.

**FALSE AND MISLEADING STATEMENTS
AND/OR MATERIAL OMISSIONS IN THE RECOMMENDATION STATEMENT**

24. On July 24, 2020, the Company authorized the filing of the Recommendation Statement with the SEC. The Recommendation Statement recommends that the Company's stockholders tender their shares in favor of the Proposed Transaction.

25. Defendants were obligated to carefully review the Recommendation Statement prior to its filing with the SEC and dissemination to the Company's unitholders to ensure that it

did not contain any material misrepresentations or omissions. However, the Recommendation Statement misrepresent and/or omit material information that is necessary for the Company's shareholders to make informed decisions concerning whether to tender their shares in favor of the Proposed Transaction.

**Material False and Misleading Statements or Material
Misrepresentations or Omissions Regarding Managements Projections**

26. The Recommendation Statement contains financial projections prepared by senior members of Momenta's and J&J's management in connection with the Proposed Transaction, but fails to provide material information concerning such.

27. The SEC has repeatedly emphasized that disclosure of non-GAAP projections can be inherently misleading, and has therefore heightened its scrutiny of the use of such projections.[1] Indeed, on May 17, 2016, the SEC's Division of Corporation Finance released new and updated Compliance and Disclosure Interpretations ("C&DIs") on the use of non-GAAP financial measures that demonstrate the SEC's tightening policy.[2] One of the new C&DIs regarding forward-looking information, such as financial projections, explicitly requires companies to provide any reconciling metrics that are available without unreasonable efforts.

---

[1] *See, e.g.*, Nicolas Grabar and Sandra Flow, Non-GAAP Financial Measures: The SEC's Evolving Views, Harvard Law School Forum on Corporate Governance and Financial Regulation (June 24, 2016), *available at* https://corpgov.law.harvard.edu/2016/06/24/non-gaap-financial-measuresthesecs evolving-views/; Gretchen Morgenson, Fantasy Math Is Helping Companies Spin Losses Into Profits, N.Y. Times, Apr. 22, 2016, available at http://www.nytimes.com/2016/04/24/business/fantasy-mathis-helping-companies-spin-ossesinto-profits.html?_r=0.

[2] Non-GAAP Financial Measures, Compliance & Disclosure Interpretations, U.S. SECURITIES AND EXCHANGE COMMISSION (May 17, 2017), *available at* https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

28. In order to make management's projections included in the Recommendation Statement materially complete and not misleading, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures.

29. Specifically, with respect to each set of financial projections, the Company must disclose the line item projections for the financial metrics that were used to calculate the non-GAAP measures, including, but not limited to, all line items used to calculate: (i) EBIT; (ii) EBIT Excl. Other Pipeline/Platform R&D; and (iii) Unlevered Free Cash Flow.

30. Disclosure of the above line item projections is vital to provide investors with the complete mix of information necessary to make an informed decision when voting on the Proposed Transaction.

### Material False and Misleading Statements or Material Misrepresentations or Omissions Regarding Goldman's Opinion

31. The Recommendation Statement contains the financial analyses and opinion of Goldman Sachs & Co. LLC ("Goldman") concerning the Proposed Transaction but fails to provide material information concerning such.

32. With respect to Goldman's *Illustrative Discounted Cash Flow Analysis* and *Illustrative Sum-of-the-Parts Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) the NOL Forecasts; (ii) the basis for Goldman's application of the range of discount rates from 8.0% to 10.0%; (iii) the basis for Goldman's application of the range of perpetual growth rates of 0.0% to 2.0%; (iv) the Company's unlevered cash flows used in Goldman's analyses; (v) the number of fully diluted outstanding shares of the Company as of August 14, 2020; and (vi) the Company's net cash.

### Material False and Misleading Statements or Material Misrepresentations or Omissions Regarding Centerview's Opinion

33. The Recommendation Statement contains the financial analyses and opinion of Centerview Partners LLC ("Centerview") concerning the Proposed Transaction but fails to provide material information concerning such.

34. With respect to Centerview's *Selected Public Company Analysis*, the Recommendation Statement fails to disclose the basis for Centerview's selection of a reference range of 2024E EV/ Revenue Multiples of 4.5x to 8.0x.

35. With respect to Centerview's *Selected Transactions Analysis*, the Recommendation Statement fails to disclose the basis for Centerview's selection of a reference range of Five-Year Forward Revenue Multiples of 6.0x to 9.5x

36. With respect to Centerview's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) the basis for Centerview's application of the range of discount rates from 9.5% to 11.5%; (ii) the implied terminal value of the Company; (iii) the basis for Centerview's application of a range of perpetual growth rates of 0.0% to 2.0%; (iv) the Company's unlevered cash flows used in Centerview's analysis; and (v) the number of fully diluted outstanding shares of the Company as of August 14, 2020.

37. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed. Moreover, the disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

38. Without the above described information, the Company's shareholders are not fully informed with respect to the Proposed Transaction. Accordingly, in order to provide shareholders with a complete mix of information, the omitted information described above should be disclosed.

## COUNT I

**(Against All Defendants for Violations of Section 14(d) of the Exchange Act and Rule 14d-9 Promulgated Thereunder)**

39. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40. Section 14(d)(4) of the Exchange Act and Rule 14d-9 promulgated thereunder makes it a requirement to make full and complete disclosure in connection with tender offers.

41. As discussed herein, the Recommendation Statement, while soliciting shareholder support for the Proposed Transaction, misrepresent and/or omit material facts concerning the Proposed Transaction.

42. Defendants prepared, reviewed, filed and disseminated the false and misleading Recommendation Statement to Momenta shareholders. In doing so, Defendants knew or recklessly disregarded that the Recommendation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

43. The omissions and incomplete and misleading statements in the Recommendation Statement are material in that a reasonable shareholder would consider them important in deciding whether to tender their shares in favor of the Proposed Transaction. In addition, a reasonable investor would view such information as altering the "total mix" of information made available to shareholders.

44. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Recommendation Statement, Defendants were undoubtedly aware of this information and had previously reviewed it, including participating in the Proposed Transaction negotiation and sales process and reviewing Momenta's financial advisor's complete financial analyses purportedly summarized in the Recommendation Statement.

45. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction.

46. Momenta is deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Recommendation Statement.

47. Defendants knew that Plaintiff and other shareholders would rely upon the Recommendation Statement in determining whether to tender their shares in favor of the Proposed Transaction.

48. As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(d)(4) of the Exchange Act and Rule 14d-9 promulgated thereunder, absent injunctive relief from the Court, Plaintiff and other shareholders will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to tender their shares in favor of the Proposed Transaction.

49. Plaintiff has no adequate remedy at law.

## COUNT II

**(Against All Defendants for Violation
Of Section 14(e) of the Exchange Act)**

50. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

51. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made false statements of material fact or failed to state all material facts that would be necessary to make the statements made, in light of the circumstances, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Proposed Transaction.

52. Defendants knew that Plaintiff and the Company's shareholders would rely upon their statements made in the Recommendation Statement in determining whether to tender shares in favor of the Proposed Transaction.

53. As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff and other shareholders will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to tender their shares in favor of the Proposed Transaction.

## COUNT III

**(Against the Individual Defendants for
Violations of Section 20(a) of the Exchange Act)**

54. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

55. The Individual Defendants acted as controlling persons of Momenta within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Momenta, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

56. Each of the Individual Defendants were provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations alleged herein, and exercised the same. The Recommendation Statement contain the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

58. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons and the acts described herein, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

59. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

60. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     Directing the Individual Defendants to disseminate an Amendment to the Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C.     Directing Defendants to account to Plaintiff for their damages sustained because of the wrongs complained of herein;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: September 8, 2020                    Respectfully submitted,

By: /s/ Joshua M. Lifshitz
Joshua M. Lifshitz
Email: jml@jlclasslaw.com
**LIFSHITZ LAW FIRM, P.C.**
821 Franklin Avenue, Suite 209
Garden City, New York 11530
Telephone: (516) 493-9780
Facsimile: (516) 280-7376

*Attorneys for Plaintiff*